IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST<br>AND SOUTHWEST AREAS HEALTH<br>AND WELFARE FUND, and<br>HOWARD MCDOUGALL, Trustee,<br><br>     Plaintiffs,<br><br>  v.<br><br>JANE HILL JOHNSON and<br>SHARON ROBINSON HORNE,<br><br>     Defendants. | FILED: APRIL 30, 2008<br>08CV2476  PH<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE KEYS |

**COMPLAINT FOR INTERPLEADER**

Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund and Howard McDougall, one of its present trustees, for a cause of action against the Defendants, Jane Hill Johnson and Sharon Robinson Horne, allege as follows:

**JURISDICTION AND VENUE**

1.  This is an interpleader under Rule 22(1) of the Federal Rules of Civil Procedure to determine which of two individuals is entitled to a $40,000.00 accidental death benefit.

2.  This action arises under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") *as amended* by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1132(a)(3). This Court has jurisdiction over this action under section 502(e) of ERISA, 29 U.S.C. §1132(e).

3.  Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2), in that the Central States, Southeast and Southwest Areas Health and Welfare Fund is administered at its principal place of business in Rosemont, Illinois.

## PARTIES

4. Plaintiff Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Fund") is an "employee welfare benefit plan" as that term is defined in section 3(1) of ERISA, 29 U.S.C. §1002(1).

5. Plaintiff Howard McDougall is a trustee of the Fund and he and his fellow trustees are fiduciaries of the Fund within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees administer the Fund at 9377 West Higgins Road, Rosemont, Illinois.

6. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), the Trustees, by and through their designated trustee Howard McDougall, are authorized to bring this action on behalf of the Fund for the purpose of enforcing the terms of the Health and Welfare Plan (the "Plan").

7. Defendant Jane Hill Johnson is a resident of the State of Tennessee.

8. Defendant Sharon Robinson Horne is a resident of the State of Tennessee.

## FACTUAL BACKGROUND

9. The Fund provides, amongst other benefits, an Accidental Death and Dismemberment Benefit ("AD&DB") payable pursuant to the terms of the Plan to the beneficiary of a Covered Participant.

10. Robert M. Johnson was a Covered Participant in the Fund as a result of his employment pursuant to a collective bargaining agreement negotiated between his

employer and an affiliate of the International Brotherhood of Teamsters.

11. As a Covered Participant in the Fund, Robert M. Johnson was covered by the Plan's AD&DB which paid, upon his accidental death, $40,000.00 to his proper beneficiary.

12. Article XIV, §14.09 of the Plan states that it is the responsibility of each Covered Participant to supply the Fund with a properly executed enrollment or request for change of beneficiary card designating the beneficiary of any Plan life insurance benefit – including the AD&DB.

13. Art. XIV, § 14.09 of the Plan states that if a Covered Participant fails to execute a proper beneficiary card, then, at the Covered Participant's death, benefits will be payable to the first surviving class, as follows: (1) Covered Participant's Spouse; (2) Covered Participant's children, in equal shares; (3) Covered Participant's parents, in equal shares; (4) Covered Participant's siblings, in equal shares; and (5) Covered Participant's estate.

14. In April of 2006, Robert M. Johnson and his spouse, Jane Hill Johnson, filed a petition for divorce in a Tennessee state court.

15. When the divorce petition was filed, an automatic injunction was entered under Tennessee state law which prohibited Robert M. Johnson from transferring or assigning any assets. To the extent his spouse was the designated beneficiary of any insurance, the injunction prevented Robert M. Johnson from changing his beneficiary designation.

16. Prior to the filing of the Johnsons' divorce petition, there was no beneficiary card on file with the Fund for Robert M. Johnson's life insurance benefits. Accordingly, under Art. XIV, § 14.09 of the Plan, Robert M. Johnson's spouse, Jane Hill Johnson, was

entitled to any benefits that were payable as a result of Robert M. Johnson's death.

17. While the divorce proceedings were on-going, Robert M. Johnson signed a beneficiary card on January 3, 2007, which listed his girlfriend, Sharon Robinson Horne, as the primary beneficiary of his life insurance benefits from the Fund.

18. On June 17, 2007, Robert M. Johnson died from an alleged tractor accident. As a result, the Johnsons' divorce was never finalized. Therefore, at the time of his death, Robert M. Johnson was still married to Jane Hill Johnson.

19. At the time of Robert M. Johnson's death, Sharon Robinson Horne was still listed as Robert M. Johnson's primary beneficiary on the beneficiary card on file with the Fund.

20. Jane Hill Johnson has submitted a claim to the Fund applying for the AD&DB that is payable as a result of Robert M. Johnson's death.

21. Jane Hill Johnson contends that the injunction that was entered in the Johnsons' divorce proceeding prohibited Robert M. Johnson from changing his beneficiary designation to Sharon Robinson Horne. As a result, Jane Hill Johnson asserts that she should be deemed the primary beneficiary of Robert M. Johnson's life insurance benefits from the Fund.

## CLAIM FOR RELIEF

22. The Fund is in doubt as to whether Jane Hill Johnson or Sharon Robinson Horne is entitled to the $40,000.00 AD&DB.

23. The injunction that was entered in the Johnsons' divorce proceeding did not meet the requirements of a Qualified Domestic Relations Order ("QDRO") as set forth in

section 206(d)(3) of ERISA, 29 U.S.C. § 1056(d)(3).

24.     Until recently, the law was clear that a state court decree purporting to affect the benefits payable from an ERISA plan was preempted unless the state court order was a QDRO. 29 U.S.C. § 1144(b)(7); *see also Central States, Se. & Sw. Areas Health and Welfare Fund v. Howell*, 227 F.3d 672 (6th Cir. 2000).

25.     On February 19, 2008, the U.S. Supreme Court granted a petition for writ of certiorari to decide a QDRO dispute raised in *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 497 F.3d 426 (5th Cir. 2007). The Supreme Court's decision in *Kennedy* will probably have an impact in determining who should be deemed the primary beneficiary of Robert M. Johnson's life insurance benefits from the Fund.

26.     The Fund seeks to avoid paying the benefit to the wrong beneficiary and to avoid making a duplicate payment.

27.     As a consequence, the Fund stands ready to deposit $40,000.00 with the Court and requests, upon a deposit of the money, that the Fund be discharged from all liability in the premises.

**WHEREFORE**, Plaintiffs pray that this Court enter an order judging:

A.      The proper person to receive the $40,000.00 AD&DB payable as a result of the death of Robert M. Johnson.

B.      That each of the Defendants be restrained from instituting or proceeding with any action against the Fund for the recovery of the $40,000.00 AD&DB or any part thereof.

C.      That this Court determine that the Defendants be required to interplead and settle between themselves their rights to the $40,000.00 AD&DB, and that the Fund be

discharged from all liability in the premises by paying the amount of $40,000.00 to the Clerk of the Court.

    D.    That Plaintiffs recover their costs and fees of bringing this action.

Respectfully submitted,

/s/ Charles H. Lee
Charles H. Lee (ARDC #6244633)
Attorney for Central States

CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, IL 60018
(847) 518-9800, Ext. 3468
chlee@centralstatesfunds.org

April 30, 2008