IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATS, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, and HOWARD MCDOUGHALL, Trustee, | ) ) ) ) No. 08 CV 2476 |
| Plaintiff, | ) ) Judge Castillo |
| v. | ) ) Magistrate Keys |
| JANE HILL JOHNSON and SHARON ROBINSON HORNE | ) ) ) ) |
| Defendants. | ) |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR TRANSFER

Defendant, Jane Hill Johnson, by her attorneys, Gardiner Koch & Weisberg, file this Reply to in Support of Motion for Transfer, and in support thereof, state as follows:

### BACKGROUND

On May 29, 2008, Co-Defendant, Jane Hill Johnson ("Johnson") filed her pro se Motion for Transfer of Venue. In support of her motion, Johnson argued (a) the United States District Court for the Eastern District of Tennessee is an appropriate venue for this cause of action; (b) the sitis of the material events is located in the Eastern District of Tennessee; (c) that all evidence and witnesses in this case are located in the Eastern District of Tennessee; and (d) that the Eastern District of Tennessee will be a more convenient location for the parties than the Northern District of Illinois.

On June 23, 2008, Co-Defendant, Sharon Robinson Horne ("Horne") filed her response to Johnson's Motion for Transfer. In her response to Johnson's motion, Horne claimed, often without any legal support, that (a) the Eastern District of Tennessee is not a proper forum for this cause of action; and (b) that transfer to the Eastern District of Tennessee will not serve public or private interests.

For the reasons stated herein, Horne's claims have no merit and Johnson's motion for transfer must be granted.

## ARGUMENT

### I. Transfer of Venue must be granted because the Eastern District of Tennessee is a proper forum for this cause of action

The Eastern District of Tennessee is a proper forum for this cause of action because the original cause of action could have been brought there. Horne incorrectly argues that because she did not reside within the Eastern District of Tennessee when the complaint was filed, that the Eastern District of Tennessee is not a proper venue. Venue is proper where "a defendant resides" or may be found. 29 U.S.C. § 1132(e)(2). Because a Defendant, Johnson, resides in the Eastern District of Tennessee, the cause of action could have been brought there. Affidavit of Jane Hill Johnson is attached as Exhibit "A." The Eastern District of Tennessee is, as a result, a proper forum for this cause of action and Johnson's Motion for Transfer must be granted.

### II. Transfer of Venue must be granted because transfer to the Eastern District of Tennessee will serve the convenience of the parties

Johnson's Motion for Transfer must be granted because the Eastern District of Tennessee is clearly more convenient than the Northern District of Illinois, for both parties. Horne incorrectly argues that because the Eastern District of Tennessee may not be more convenient than the Federal Court in North Carolina, and that because she has already retained counsel in the Northern District of Illinois, that the Eastern District of Tennessee is not more convenient that the Northern District of Illinois.

The Eastern District of Tennessee is clearly more convenient for the parties than the Northern District of Illinois. Johnson lives in Mosheim, Tennessee, approximately 37 miles from the Eastern District of Tennessee courthouse but 580 miles from the Northern District of Illinois courthouse. Horne is presently in Newton, North Carolina, less than 200 miles

from the Eastern District of Tennessee courthouse but over 740 miles from the Northern District of Illinois courthouse. Additionally, Horne has significant ties with the Eastern District of Tennessee. Until recently she resided in the Eastern District of Tennessee. She is currently subject to litigation in a Tennessee State Court located in the Eastern District of Tennessee. Additionally, she has previously retained counsel in the Eastern District of Tennessee. Clearly, the Eastern District of Tennessee is significantly more convenient for both parties than the Northern District of Illinois and Johnson's Motion for Transfer must be granted.

### III. Transfer of Venue must be Granted because transfer to the Eastern District of Tennessee will serve the convenience of the witnesses

Johnson's Motion for Transfer must be granted because the Eastern District of Tennessee is more convenient than the Northern District of Illinois, for witnesses. Johnson plans to use witnesses to support of her position. All of these witnesses reside in the Eastern District of Tennessee. Additionally, it is unlikely that they will testify, because of the great expense, if the cause of action is not transferred to the Eastern District of Tennessee. The Eastern District of Tennessee is significantly more convenient for the witnesses than the Northern District of Illinois and Johnson's Motion for Transfer must be granted.

### IV. Transfer of Venue must be granted because the sitis of the material events that led to the cause of action is in the Eastern District of Tennessee

Transfer must be granted because the sitis of the material events that led to this complaint is in the Eastern District of Tennessee. Horne incorrectly argues that because the Plan is administered in the Northern District of Illinois and that because interpretation of the Plan documents will be crucial, that the Northern District of Illinois is the sitis of material events.

When a majority of events that lead to a complaint are performed in a specific jurisdiction, the sitis of the material events is in that jurisdiction. <u>Van Ru Credit Corp. v Prof'l Brokerage Consultants, Inc.</u>, 32 EBC 1079 (2003, ND Ill). Clearly, the majority of events that lead to the complaint occurred in the Eastern District of Tennessee. Robert M. Johnson signed the contract in the Eastern District of Tennessee. He earned the benefits under the Plan in the Eastern District of Tennessee. Additionally, Mr. Johnson's death occurred in the Eastern District of Tennessee. The issue that lead to this cause of action first arose as a result of a probate case in the Tennessee State Court located in the Eastern District of Tennessee. Furthermore, the relationship between Mr. Johnson and both potential beneficiaries occurred in the Eastern District of Tennessee. The Plan benefits will be distributed in the Eastern District of Tennessee. As a result, the sitis of the material events leading to this complaint is in the Eastern District of Tennessee and the Motion for Transfer must be granted.

### V. Transfer of Venue must be granted because transfer to the Eastern District of Tennessee is in interests of justice.

Johnson's Motion for Transfer must be granted because the public interest is better served by this cause of action being resolved in the Eastern District of Tennessee. Horne wrongly argues that the public interest would be better served by having the Northern District of Illinois resolve the cause of action because the Northern District of Illinois is better suited to consistently apply ERISA to the Plan. By doing this, she contradicts the well supported legal theory that United States District Courts are equally equipped to analyze and apply federal statutes. Most importantly, Horne ignores the fact that the current cause of action sprung out of a Tennessee Court applying Tennessee law - that a filed divorce petition leads to an automatic injunction prohibiting the modification of beneficiary information. As a

result, the public interest is better served by this cause of action being resolved in the Eastern District of Tennessee and the Motion for Transfer must be granted.

## CONCLUSION

Horne has made many claims, none of which have merit. The Eastern District of Tennessee is a proper venue for this cause of action. Additionally, transfer will be much better serve public or private interests. As a result, Johnson's Motion for Transfer must be granted.

Respectfully Submitted,

JANE HILL JOHNSON

_____
One of her Attorneys

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 W. Jackson, Ste #950
Chicago, IL 60604
Atty. No: 29637
312-362-0000