## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CENTRAL STATES, SOUTHEAST ) \
AND SOUTHWEST AREAS HEALTH ) \
AND WELFARE FUND, and ) \
HOWARD MCDOUGHALL, Trustee, )     No. 08 CV 2476 \
　　　　　　　　　　　　　　　　) \
　　　　Plaintiff, )     Judge Castillo \
　　　　　　　　　　　　　　　　) \
　　v. )     Magistrate Keys \
　　　　　　　　　　　　　　　　) \
JANE HILL JOHNSON and ) \
SHARON ROBINSON HORNE ) \
　　　　　　　　　　　　　　　　) \
　　　　Defendants. )

### AFFIDAVIT OF JANE HILL JOHNSON

Jane Hill Johnson, being duly sworn, on oath, states as follows:

1.  Transfer to the Eastern District of Tennessee from the Northern District of Illinois will make this litigation much more convenient for both parties.

2.  On April 1, 1982 I married Robert M. Johnson in Greene County, Tennessee, located in the Eastern District of Tennessee.

3.  On April 27, 2006, I filed for divorce.

4.  Pursuant to Tennessee Law, an injunction was issued preventing Robert M. Johnson from changing beneficiary information with the Central States, Southeast and Southwest Areas Health and Welfare Fund ("Plan") prior to the finalization of the divorce.

5.  Prior to the finalization for the divorce Robert M. Johnson changed his beneficiary information with the Plan to Sharon Horne.

6.  Robert M. Johnson died before our divorce was finalized.

7.  The issue of which party is the appropriate beneficiary is currently being decided in ongoing cause of action in the State of Tennessee Courts located in the Eastern District of Tennessee.

8.  On April 30, 2008, Central States instituted an action for Interpleader to determine its obligations under the Plan.



EXHIBIT
A

Jane Hill Johnson

Subscribed and Sworn to
Before Me this 20
Day of July, 2008.

Notary Public

VICKY FLEENOR
STATE
OF
TENNESSEE
NOTARY
PUBLIC
SULLIVAN COUNTY

9. On May 16, 2008, Judge Castillo granted Central States' motion to deposit the funds in trust.

10. Central States is no longer an active party to this cause of action.

11. Central States was the only party that had any connection with the Northern District of Illinois.

12. I have never been to the State of Illinois.

13. The material events that led to this complaint is in the Eastern District of Tennessee.

14. Robert M. Johnson signed the contract in the Eastern District of Tennessee.

15. Robert M. Johnson earned the benefits under the Plan in the Eastern District of Tennessee.

16. Robert M. Johnson's death occurred in the Eastern District of Tennessee.

17. The dispute that lead to this cause of action first arose as a result of a probate case in the Tennessee State Court located in the Eastern District of Tennessee.

18. The relationship between Mr. Johnson and both potential beneficiaries occurred in the Eastern District of Tennessee.

19. The Plan benefits will be distributed in the Eastern District of Tennessee.

20. Transfer to the Eastern District of Tennessee from the Northern District of Illinois will make this litigation much less expensive for both parties.

21. I live in Greeneville, Tennessee, approximately 70 miles from the Eastern District of Tennessee courthouse but 580 miles from the Northern District of Illinois courthouse.

22. Sharon Horne lives in Newton, North Carolina, less than 200 miles from the Eastern District of Tennessee courthouse but over 740 miles from the Northern District of Illinois courthouse.

23. Transfer to the Eastern District of Tennessee from the Northern District of Illinois will make this litigation much more convenient for witnesses I plan to use to support my case.

24. Transfer to the Eastern District of Tennessee from the Northern District of Illinois will make this litigation much less expensive for both witnesses I plan to use to support my case.