## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into on _____, 2008 by and between **JANE HILL JOHNSON** ("**JANE**"), and **SHARON ROBINSON HORNE** ("**SHARON**").

### WITNESSETH

**WHEREAS**, a dispute exists between **JANE** and **SHARON** concerning the proceeds of the double indemnity Accidental Death and Dismemberment Benefit payable under the Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Plan"), as a result of the accidental death of Covered Participant Robert M. Johnson (the "AD&DB"); and

**WHEREAS, JANE** and **SHARON** each claim the proceeds of the AD&DB; and

**WHEREAS**, the Plan and its Trustee Howard McDougall filed an Interpleader action against **JANE** and **SHARON** in the U.S. District Court for the Northern District of Illinois ("the Court"), as Case Number 08CV2476, to determine who is entitled to the proceeds of the AD&DB (the "Interpleader action"); and

**WHEREAS**, the parties hereto now wish to settle any and all claims, causes of action, disputes, and disagreements with respect to the AD&DB that now exist or may exist between them.

**NOW THEREFORE**, in consideration of (a) the mutual covenants and agreements of the parties hereto contained in this Agreement, (b) the payment of sums hereinafter provided for, and (c) for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties mutually agree as follows:

1

(1) **Division of AD&DB Proceeds.** JANE and SHARON jointly agree to divide the proceeds of the AD&DB which totals $40,000 plus accrued interest as follows:

    (a) 50% to **JANE** in a check made payable to: Gardiner Koch & Weisberg, The Slaughter Law Firm, P.C., and Jane Hill Johnson; and

    (b) 50% to **SHARON** in checks made payable as follows: (i) a check for one-third (1/3) of the fifty (50) percent of the AD&DB proceeds and accrued interest to Tews, Theisen & Theisen; and (ii) the balance of the fifty (50) percent of the AD&DB proceeds and accrued interest in a check made payable to Sharon Robinson Horne.

(2) **Agreed Order.** The parties hereto shall cause a proposed Agreed Order to be submitted to the Court by their respective attorneys of record in the Interpleader action providing for the division of the proceeds of the AD&DB and any accrued interest as set forth in Paragraph 1 above, and dismissing the Interpleader action with prejudice and without costs. Each party shall pay their respective attorney's fees and costs.

(3) **Jane Releases Sharon.** JANE, for herself, her heirs, executors, and personal representatives, hereby releases and forever discharges **SHARON**, her heirs, executors, and personal representatives, from any and all claims, causes of action, disputes, disagreements, damages, costs, expenses, fees and all other liability of any kind, whatsoever, in law or in equity, liquidated or contingent, known or unknown, including but not limited to those claims which relate to or arise out of the claims, counterclaims asserted or which could have been asserted in this Interpleader action or in the Estate of Robert M. Johnson, Deceased.

(4) **Sharon Releases Jane.** SHARON, for herself, her heirs, executors, and personal representatives, hereby releases and forever discharges **JANE**, her heirs, executors, and personal representatives, from any and all claims, causes of action, disputes, disagreements, damages, costs, expenses, fees and all other liability of any kind, whatsoever, in law or in equity, liquidated or contingent, known or unknown, including but not limited to those claims which relate to or arise out of the claims, counterclaims asserted or which could have been asserted in this Interpleader action or in the Estate of Robert M. Johnson, Deceased.

(5) **<u>Legal Counsel.</u>** Each of the parties hereto represent and warrant to the other that they have been represented by legal counsel of their own choosing and that they freely and voluntarily have executed and delivered this Agreement.

(6) **<u>Agreement is Bar.</u>** This Agreement is and may be pleaded as a bar to any claim, cause of action or proceeding related in any manner to the AD&DB between the parties hereto.

(7) **<u>Counterparts.</u>** This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

(8) **<u>Further Assurances.</u>** The parties hereto agree at any time and from time to time to execute and deliver or cause to be executed and delivered such further documents and instruments as may be reasonably requested in order to carry out the terms and provisions of this Agreement and of the documents referred to herein.

(9) **<u>Prevailing Party.</u>** In the event of any litigation concerning the terms and provisions of this Agreement, the prevailing party shall be entitled to recover their reasonable attorney fees, court costs and expenses.

(10) **<u>Severability.</u>** If any term or provision of this Agreement or the application thereof to any provision of this Agreement or the application thereof to any person or circumstances shall to any extent be invalid and unenforceable, the remainder of this Agreement, or the application of such term or provision to any person or circumstances other than those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement shall be valid and shall be enforced to the extent permitted by law.

(11) **<u>Governing Law.</u>** This Agreement shall be governed by and construed according to the laws of the State of Illinois.

(12) **Headings.** The paragraph headings in this Agreement are used only for convenience in finding the subject matters and are not part of this Agreement or to be used in determining the intent of the parties or otherwise interpreting this Agreement.

**IN WITNESS THEREOF,** the parties hereto duly execute this Agreement as of the date set forth above.

Dated: 8-10 , 2008

_____
JANE HILL JOHNSON


_____
**SHARON ROBINSON HORNE**

STATE OF TENNESSEE )
) ss.
COUNTY OF Sullivan )

I, the undersigned, a Notary Public, in and for the aforesaid county and state due hereby certify that **JANE HILL JOHNSON** personally appeared before me and acknowledge that she signed the foregoing instrument as her free act and deed.

**IN WITNESS WHEREOF**, I have hereunto set my hand and official notary seal this 10th of August 2008.

_____
Notary Public

STATE OF_____ )
) ss.
COUNTY OF _____ )

I, the undersigned, a Notary Public, in and for the aforesaid county and state due hereby certify that **SHARON ROBINSON HORNE** personally appeared before me and acknowledge that she signed the foregoing instrument as her free act and deed.

**IN WITNESS WHEREOF**, I have hereunto set my hand and official notary seal this _____, 2008.

_____
Notary Public